## Commonwealth *v.* Hine, Appellant.

*Criminal law—New trial—Discretion—Appeals.*

After a conviction of murder of the first degree the prisoner asked for a new trial on the ground that the district attorney by representing to defendant's counsel his willingness to accept a plea of guilty of murder of the second degree induced the latter to go to trial without having made proper preparations; and also on the ground of after-discovered evidence. As to the first reason the trial judge found that there had been no misunderstanding as to the plea which was to be entered, and that the defendant's counsel had been allowed, at his own request, a week to prepare the case. As to the second reason, the trial judge found that the after-discovered evidence was merely cumulative as to the mental and physical condition of the prisoner prior to the killing. *Held*, that a new trial was properly refused.

Argued Oct. 9, 1905. Appeal, No. 216, Jan. T., 1905, by defendant, from order of O. & T. Phila. Co., Sept. T., 1903, No. 734, refusing a new trial in case of Commonwealth v. Louis O. Hine. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule for a new trial after verdict of murder in the first degree.

AUDENRIED, J., filed an opinion which was in part as follows:

The second reason advanced for a new trial is the allegation that the assistant to the district attorney who tried the case, by representing to defendant's counsel his willingness to accept a plea of guilty of murder of the second degree, induced him to go to trial without having made proper preparations.

By the report of the trial judge it appears that when this

case was first called for trial, defendant's counsel offered at side bar to enter a plea of guilty of murder of the second degree ; that to the acceptance of this plea the assistant district attorney in charge of the case objected, saying that he had evidence which made it seem to him that the defendant was guilty of murder of the first degree ; that thereupon defendant's counsel stated that if the question of murder of the first degree was to be tried out, he was not prepared to go on with the trial, and, being asked by the trial judge how long a time he would require for his preparation, replied "one week;" that thereupon, with the consent of the assistant district attorney, the trial of the cause was postponed for a week; that when the case was called the second time for trial, defendant's counsel made no objection to proceeding ; that it was understood by counsel on both sides that the case was to be tried on the day when the trial took place, and that the question of the degree of the defendant's guilt would be left to the jury.

With the negotiations in relation to the change of plea which went on before the day when the case was first called for trial, we have nothing to do, nor have we anything to do with what may have gone on between the assistant to the district attorney, who had charge of the case, and defendant's counsel after the arrangement had been made which is reported by the trial judge. That arrangement contemplated a careful trial of the case and was assented to by both parties. Counsel for the defendant was well aware that the court, in view of what had been said by the assistant district attorney, would not receive a plea of guilty of murder of the second degree, and intended to throw the responsibility of deciding the question of fact in the case on the jury. It is fair, however, to observe that the assertions of counsel for the defense in relation to the arrangements alleged by him to have been made between him and the assistant district attorney are denied by the latter.

At the argument of the motion for a new trial the only point advanced with seriousness on behalf of the defendant was that the possession of after-discovered evidence throwing light upon the issue tried by the jury, which he could not have obtained at the time the trial took place, entitles him to have the case tried over again, so that this evidence may be presented to the jury. The evidence referred to is the testimony of Victor

J. Hamilton, the proprietor of a saloon at No. 1603 Lombard street, Philadelphia. By his affidavit, which has been presented to us, it appears that Hamilton saw Hine between three and four o'clock in the afternoon of August 3, 1903. This was about eight hours before the shooting took place. Hamilton swears that although the defendant's condition did not seem so much that of one who had had too much liquor, it appeared to be that of one " who was getting the rams, or was under the influence of both drugs and liquors."

In our view of the matter, this testimony is merely cumulative. It relates to the mental condition of the accused at a point of time appreciably antecedent to the shooting of his wife. That condition was testified to by Thomas O'Toole and Elizabeth R. Dougherty, and their testimony is to the same practical effect as Hamilton's. The trial judge properly told the jury that the important question for them to determine related to the condition of the defendant's mind at the moment when the shooting took place. Upon that question the testimony of Hamilton bears only remotely. A man may be so benumbed mentally by drink in the afternoon as to talk vaguely and incoherently, but be quite himself again within eight hours.

We are of the opinion that the defendant was fairly tried, and that the verdict of the jury is supported by the evidence in the case; and we, accordingly, refuse to grant the motion for a new trial.

*Error assigned* was the order of the court.

*Thomas Raeburn White,* with him *Walter Thomas,* for appellant.

*John C. Bell,* district attorney, and *Joseph H. Taulane,* assistant district attorney for appellee, were not heard.

PER CURIAM, October 30, 1905:

The single assignment of error is that the court below abused its discretion in refusing a new trial. There is nothing in the case that justifies such a charge or that even requires discussion.

The judgment is affirmed and the record remitted that the sentence may be executed in accordance with law.

PER CURIAM, October 30, 1905:

Rule for new trial under Act of April 22, 1903, P. L. 245, refused.