## Commonwealth *v.* Carter, Appellant.

*Criminal law—Murder—New trial—After-discovered evidence—Credibility of witness—Act of April 22, 1903, P. L. 245.*

1. Where, after a conviction of murder of the first degree, a motion for a new trial is filed, and defendant is given fifteen days to file affidavits and depositions in support of his motion, which he fails to do, and seven weeks later a new trial is refused, defendant is not entitled to a rehearing in the absence of any explanation of his failure to take advantage of the previous opportunity given him.

2. After-discovered evidence having for its purpose only the impeachment of the credibility of witnesses, furnishes no sufficient reason for a new trial.

3. Where there is positive evidence that the deceased was shot with a revolver containing shells of a certain size, and that the revolver was wrenched from defendant at the time, after-discovered

evidence that defendant also possessed other and larger shells, is insufficient upon which to base an application for a new trial.

4. In such case the Supreme Court will not enter an order for additional inquiry by the court below as provided by the Act of April 22, 1903, P. L. 245, even if a petition had been presented to the Supreme Court in the manner provided by the act, which was not done.

Argued January 4, 1922.   Appeal, No. 467, Jan. T., 1921, by defendant, from judgment of O. & T. Phila. Co., Sept. T., 1920, No. 541, on verdict of murder of the first degree, in case of Commonwealth v. Earl Carter, alias Earl French.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.   Affirmed.

Indictment for murder.   Before McCULLEN, J.

The opinion of the Supreme Court states the facts

Verdict of guilty of murder of the first degree, upon which sentence was passed.   Defendant appealed.

*Errors assigned* appear by opinion of Supreme Court, quoting record.

*Frederick F. Windle,* for appellant, cited: Act April 22, 1903, section 1, P. L. 245.

*Maurice J. Speiser,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, with them, *Franklin E. Barr,* for appellee, cited: Com. v. Williams, 2 Ashmead 68; Com. v. Flanagan, 7 W. & S. 415.

OPINION BY MR. JUSTICE SADLER, February 6, 1922:

Earl Carter was convicted of the murder of Richard Manus, and, a new trial having been refused, he was sentenced as required by law.   From the judgment entered, an appeal has been taken, in which no complaint is made of the conduct of the trial or the charge of the court.   The testimony discloses all of the ingredients

necessary to the rendition of a verdict of murder of the first degree, and, if believed, fully justifies the finding made. Unless some harm has been done the defendant by the refusal to grant a new trial on the ground of after-discovered evidence, the action taken below must be upheld.

The deceased conducted a small store in the City of Philadelphia, and the defendant, residing near by, had been an occasional customer. On June 17, 1920, he was a purchaser early in the day, and was present again about six in the evening. At that time Mrs. Manus came from the apartment at the rear to wait upon the supposed patrons. When she entered the storeroom, two men confronted her and demanded delivery of the cash. One, whom she identifies as Carter, armed with a revolver, secured the money upon her person, as well as from the cash register, and handed it to the accomplice, who fled, and has not been apprehended. For the apparent purpose of causing fright, and inducing silence, defendant then fired, the bullet striking the arm of Mrs. Manus. The husband, attracted by the noise, advanced from the rear portion of the house, was attacked by the robber, and shot once. Holding each other, Carter and Manus struggled through the door to the street, where three additional shots were fired, one into the air and two into the body of deceased. Neighbors seized the defendant, taking away the revolver, which he still held, and in so doing a slight injury was inflicted upon one of his fingers. The actions of the parties, after reaching the highway, were described by many witnesses, all of whom identified Carter as the assailant, while the widow and defendant alone testified to the happenings within the store. At the hospital, shortly before death, Manus recognized and pointed out the defendant as the murderer.

The defense rested on the assertion that Carter was present in the store, by chance, at the time of the hold-up, and took no part in the robbery. It was insisted

the assault was the act of the second customer, and the seizing of deceased, when he backed from the store to the street, was explained as resulting from an effort of defendant to aid the wounded man and prevent his falling. Certain exclamations, alleged to have been made by Carter at the moment, were offered to substantiate this contention. The jury refused to credit the story, and conviction followed.

Assignments of error now presented complain of the refusal to award a new trial. An affidavit, submitted below, averred that certain evidence had come to the notice of counsel, which, taken in connection with the other testimony offered, was sufficient to raise a reasonable doubt of guilt in the minds of a jury. It was claimed, first, that the police officials found, in the room of defendant, cartridges of a calibre differing from those used in defendant's gun, which fact had not been disclosed on the trial; second, that certain identification marks had been placed upon the revolver, as to which no explanation was given the jury; third, that the widow denied at the trial that she knew the alleged accomplice of Carter, whereas she had stated previously he was Alexander Miller; and, fourth, that an examination of the finger of defendant, made at the station house by the police, showed the injury caused by the trigger of the gun was on the left hand instead of the right, as had been testified.

Leave was given to file, within fifteen days, affidavits and depositions in support of the motion. None was submitted, and, on April 28th, more than seven weeks later, a new trial was refused; whereupon, defendant, by his counsel, asked for a rehearing in order that the newly found evidence might be placed upon the record for consideration. The refusal of this application was proper, in the absence of some explanation of the failure to take advantage of the previous opportunity given. The correctness of the conclusion reached need not be based, however, on any technical ground. Assuming

that all of the suggestions are amply supported by proof, there is nothing to be found therein which could have affected the merits of the case. If Mrs. Manus made the statement that she knew the second man, which she denied on the stand, or, if Scully was in error as to the finger which was injured by the falling trigger of the gun, whether on the right or left hand, the contradiction would have been effective only to impeach the credibility of the witness testifying. After-discovered evidence, having this purpose only, furnishes no sufficient reason for granting a new trial: Com. v. Flanagan, 7 W. & S. 415.

Nor can we see that the Commonwealth was bound to offer explanation of the identification marks upon the gun. Had such course been deemed necessary, there is no reason why it should not have been demanded during the course of the trial. The defendant himself called attention to them at that time; if considered of importance, the matter should then have been made the subject of investigation. So, also, failure to show that bullets were found in defendant's room of a calibre differing from that of the gun used is no sufficient reason for a new hearing. In the face of the positive testimony that deceased was shot with a revolver containing shells of a certain size, which was wrenched from the hand of defendant, when the assault was completed, it cannot be said he was prejudiced by failure to prove the immaterial fact that he was also possessed of other and larger cartridges: Cf. Com. v. Morrison, 193 Pa. 613.

None of the evidence would have justified the court below in awarding a new trial, even if established by proper proofs. It is now suggested that the application made be treated here as if instituted under the Act of April 22, 1903, P. L. 245, which gives authority to this court to order further investigation by the trial tribunal where newly discovered facts are shown, sufficient to raise a doubt as to the guilt of a defendant convicted of murder of the first degree. It is enough to say that the

matter has not been presented to us in the manner provided by that legislation; if the contrary was true, the facts disclosed are not such as would justify an order for additional inquiry by the court below: Cf. Com. v. Hine, 213 Pa. 97. The reasons for so declaring are apparent from the discussion which has here preceded.

The assignments of error are all overruled; the judgment and sentence of the court below is affirmed, and the record is remitted for the purpose of execution.