## Commonwealth *v.* Rizzo, Appellant.

*Criminal law—Criminal procedure—Remarks of counsel—Reference to defendant's failure to deny Commonwealth's evidence—Act of May 23, 1887, P. L. 158.*

At the trial of an indictment for felonious entry and larceny neither the statement by counsel "that Rizzo (one of the defendants) was there is not denied," nor the statement "if you find that James Rizzo had these stolen goods in his possession then it is his duty to explain to you how he came into possession of them" is within section 10 of the Act of May 23, 1887, P. L. 158, prohibiting adverse reference to "neglect or refusal of any defendant actually upon trial in a criminal court to offer himself as a witness."

On the trial of an indictment for larceny and felonious entry, a verdict of guilty will be sustained, where the evidence, if believed, was sufficient to establish that certain boxes of merchandise were stolen from a railroad train; that broken boxes were found on the next day in a culvert under the railroad with the contents missing at or about the point where they were taken from the train; that about nine o'clock in the morning two automobile trucks and a touring car were seen near this point with five or six men endeavoring to release a truck which was stuck in a ditch; that appellant was with the trucks, and that they contained something like dry goods wrapped in paper which were transferred to the house of one of the defendants, and it further appeared that appellant had asked the railroad company detective to intercede for them and accept restitution.

Argued December 5, 1921. Appeal, No. 278, Oct. T., 1921, by defendant, from judgment of Q. S. Montgomery County, Feb. Sessions, 1921, No. 34, on verdict of guilty in the case of Commonwealth of Pennsylvania v. James Rizzo. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for felonious entry, larceny and receiving stolen goods. Before SOLLY, P. J. of O. C., 38th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in refusing the defendant's motion for the withdrawal of a juror, based upon the following remark of counsel for the prosecution in his address to the jury, by reason of the fact that the defendant, Rizzo, had not taken the stand or given testimony, to wit:

"That Rizzo was there, is not denied absolutely by a single witness.

"Mr. Kelly: I ask for the withdrawal of a juror. The point of my motion is, he has no right to comment upon the failure of Rizzo to take the stand.

"The Court: You have no right to comment upon that fact.

"Mr. Swartz: I haven't done so.

"The Court: Anything that counsel may have said which impressed itself upon the jury, which the jury thinks refers to the fact that Rizzo did not take the stand, they will disregard it.

"Mr. Swartz: That is entirely right. It is my recollection I said nothing about that. If there is, I want you to disregard it. It is my recollection I said nothing about that."

2. The learned trial judge erred in refusing defendant's motion for the withdrawal of a juror, based upon the following remark of counsel for the prosecution:

"Mr. Swartz: If you find that James Rizzo had these stolen goods in his possession, then it is his duty to explain to you how he came into possession of them.

163, (1922).] Statement of Facts—Opinion of the Court.

"Mr. Kelly: I make a motion for the withdrawal of a juror.

"The Court: Your motion is overruled. Mr. Swartz may say that, if the jury find that Mr. Rizzo had in his possession goods knowing them to have been stolen, then, under the law, it was his duty to explain how he came into possession of them. Isn't that a correct statement of the law, if the jury so find?

"Mr. Kelly: I think, under the circumstances, where a defendant does not take the stand, it is not a proper remark to be made to the jury.

"The Court: I disagree with you.

"Mr. Kelly: Will your honor grant me an exception?

"The Court: I will grant you an exception. Go ahead, Mr. Swartz."

3. The learned trial judge erred in declining to affirm defendant's point for charge, which point and the answer thereto are as follows:

"Under all the evidence, the verdict must be for the defendant, James Rizzo.

"A. The point submitted by the defendant, James Rizzo, is declined.

"Mr. Kelly: Will your honor allow me an exception to the refusal of that point?"

Exception allowed. Bill sealed.

*Edward A. Kelly,* and with him *J. Ambler Williams,* for appellant.

*Aaron S. Swartz, Jr.,* and with him *John H. Dettra, Samuel H. High, Montgomery Evans* and *Frank X. Renninger,* District Attorney, for appellee.

OPINION BY LINN, J., March 3, 1922:

Appellant indicted with others, was tried and convicted of felonious entry and larceny. His appeal presents three assignments of error. The first and second complain of the refusal to withdraw a juror because of

remarks by the prosecuting attorney in his final argument to the jury as appears above in the reporter's statement. Both sides called a number of witnesses whose evidence was under discussion. Neither the statement "That Rizzo was there is not denied" nor the statement "If you find that James Rizzo had these stolen goods in his possession then it is his duty to explain to you how he came into possession of them" is within section 10 of the Act of May 23, 1887, P. L. 158, prohibiting adverse reference to "neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness": Com. v. Martin, 34 Pa. Superior Ct. 451; Com. v. Chickerella, 251 Pa. 160.

The third assignment concerns the refusal to direct the acquittal of appellant, and the single complaint on this branch of the appeal is thus stated by his counsel: "Is the Commonwealth obliged to identify stolen property alleged to have been in the possession of the defendants? What evidence is sufficient to establish the identity of stolen goods not recovered, but alleged to have been in the possession of the defendants?"

Appellant and Ciamti, Bolan and Gasson were charged in the same indictment with having feloniously entered a freight car of the Philadelphia and Reading Railway Company and with larceny therefrom of merchandise, etc. Three of them, Ciamti, Bolan and Rizzo were tried together.

The jury was justified in finding, and may have found the following facts, from the evidence: Five large packing boxes, separately numbered, containing merchandise, among others, ginghams, seersucker and cambric, were shipped in a certain freight car under seal over the Philadelphia and Reading Railway from Philadelphia for delivery at Wilkes-Barre. The train left Philadelphia at 6:50 p. m. October 27, 1920. A brakeman saw two strangers board the train about three miles out from Philadelphia. About thirteen miles out, the train parted because of some mishap to a drawhead, and while this

was being repaired, the conductor saw two strangers standing by the train, one of them assisting in the repair. The train reached Wilkes-Barre next day when it was found that the seals of the car were gone and three of the shipped boxes were missing. A passenger train followed the freight train, and while near Souderton, Montgomery County, beyond the point where the freight train had stopped, and perhaps half an hour behind the freight, the engineer of the passenger train saw "three large cases that are used for shipping of goods" lying along and about twelve feet from the track at a point where there was a "very hard upgrade," and about fifty yards north of Township Line road. Near Souderton while going upgrade three to five miles an hour, the conductor of the freight train saw two men under a bridge and a third running towards them. At Bethlehem the engineer of the passenger train reported seeing the boxes. The next morning a section gang was sent out to investigate and found that the boxes had been removed. Following footprints, they discovered the broken boxes in a culvert under the railroad, the contents of the boxes missing. At a point on the public road, and about 300 yards from the railroad, at about 9 a. m. they saw two automobile trucks and a touring car. They went to these trucks and found five or six men there endeavoring to release a truck that was stuck in a ditch. Appellant Rizzo was "there around the trucks." The trucks bore license tags issued to Ciamti, Gasson and one Lipton. Lipton was employed about 6 a. m. on October 28th by Ciamti to go from Philadelphia to the point in question and to tow Ciamti's truck back or to bring in its load consisting of "something like dry goods," some "wrapped in paper." The goods were also described as something like cotton piece goods. They were transferred from Ciamti's truck to Lipton's and by him brought to 1720 Ridge Avenue, Philadelphia, "Bolan's place," where they were carried in and "the man in the store packed the bundles under the stairway." The record does not dis-

close what became of them. Some bundles were wrapped in paper and others were unwrapped; they were "plain goods, dry goods"; "something like this (witness indicates his shirt) and other kinds of goods."

Appellant proposed to a witness employed by the railroad company as a detective, that he should intercede for them and have "the railroad company accept restitution in this case"; because "the gang is broken up, and we are done......We are finished" and that if he interceded the witness "would be fixed up," "would get my [his] share."

With the jury warranted in finding those facts as to appellant, we return to question quoted concerning the sufficiency of identification of the property,—the only question raised. Why did appellant require intercession with the railroad campany? What would he restore to the company? Which gang was broken up, done or finished? Clearly this contribution by appellant to the evidence, though made through the witness Keyser, leaves no dispute that the goods which were the subject of the larceny were the same goods shipped in the packing boxes in question. The assignment is overruled.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he had complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.