## Commonwealth *v.* Mellon, Appellant.

*Criminal law—Criminal procedure—Charge of the court—Comment upon evidence—Identity of defendant—Uncontradicted evidence—Alibi.*

Upon an indictment for assault and robbery, where the victim positively identifies the defendant as his assailant, and is partially corroborated by his brother, there is no impropriety in the court

calling the attention of the jury to the victim's testimony rather than that of his brother which was less complete.

Nor is it reversible error for the court to state the fact that the evidence of the victim and his brother was uncontradicted. Such a statement could not be construed as an adverse reference by the court to the failure of the defendant to offer himself as a witness.

Where the court devoted such attention to the consideration of defendant's alibi that it occupied seven pages of the printed record, and properly explained the nature of such defense, the charge is not subject to objection as minimizing the testimony on the subject.

*Practice, Superior Court—Appeals—Suspended sentence — New trial — Refusal — After-discovered evidence — Effect upon result— Questions not reviewable.*

Where a new trial is asked on the ground of after discovered evidence and has been refused by the trial court, after due consideration, because of his opinion the evidence is "not such as to render a different result probable on a retrial" the Superior Court will not review the question.

An appeal from a conviction upon an indictment for assault and battery is premature where sentence has been suspended.

Argued March 13, 1923. Appeals, Nos. 54 and 55, Oct. T., 1923, by defendant, from judgment of O. and T. Montgomery County, Nov. T., 1922, Nos. 7 and 71, on verdict of guilty in the cases of Commonwealth of Pennsylvania v. Walter K. Mellon. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictments for robbery and assault and battery with intent to kill. Before MILLER, J.

The facts are stated in the opinion of the Superior Court.

Verdicts of guilty upon both charges. Upon the charge of robbery, judgment of sentence was passed. Upon the charge of assault and battery with intent to kill sentence was suspended. Defendant appealed.

*Errors assigned* were various parts of the charge of the court and refusal to grant a new trial.

*James Gay Gordon,* and with him *John R. K. Scott* and *Theodore Lane Bean,* for appellant.

*Abraham H. Hendricks,* Assistant District Attorney, and with him *Frank X. Renninger,* District Attorney and *J. Ambler Williams,* for appellee.

OPINION BY KELLER, J., April 16, 1923:

Defendant was convicted of (1) robbery and (2) assault and battery with intent to kill. He was sentenced on the indictment charging robbery. Sentence was suspended on the other charge; the appeal as to it is premature, since judgment of sentence has not been entered.

Four assignments of error have been filed, specifying two general grounds for reversal, viz: (1) The charge of the court was unduly favorable to the Commonwealth and unfair to the defendant. (2) The court erred in refusing the motion for a new trial on the ground of after-discovered evidence.

(1) Appellant contends that the charge of the court, as a whole, was unduly favorable to the Commonwealth and prejudicial to the defendant; but especially so in the comments on the evidence offered by the Commonwealth in identification of the defendant, and that of the defense to prove an alibi. A careful reading of the charge in connection with the evidence in the case has not convinced us that the court committed reversible error in these respects.

Frank Yannessa, the victim of the assault and robbery, positively identified the defendant as the man who had ridden with him from 13th and Market Streets, Philadelphia, to Haverford and there shot him in the head. He recognized both his face and his voice. As soon as he saw the defendant in the Ardmore station house, where the latter was confined on another charge, he said to his brother who was walking ahead of him, "That is the man who shot me." He had heard the prisoner call, just a second before, as his brother passed the front of the cell on

the way to the toilet, and ask "What are you bringing in, another customer?" and when he saw the man in the cell, through the grating, he recognized him immediately and told his brother so; and at once, upon seeing him, the defendant changed his position, lay down on his face and belly and was in that posture when Yannessa and his brother returned from the toilet and passed the cell a second time. Thomas Yannessa corroborated his brother in this respect, except that, being ahead of him, he was probably past the cell door, before Frank came in view of the grating and therefore did not see the defendant change his position as soon as the latter saw Frank, but did notice that he had done so, and was lying on his belly, when they came from the toilet a minute or so later. There was certainly no impropriety in the court calling the attention of the jury to Frank Yannessa's evidence on this point, rather than to Thomas Yannessa's testimony, for as we view it there was no contradiction between them; Frank's testimony was only a little fuller than his brother's; they corroborated each other. The court was justified in directing the attention of the jury to this circumstance as bearing on the question of identification. Nor do we think that the court should be reversed for stating that this testimony was uncontradicted. Though not set forth or suggested in the statement of questions involved (Rule 50), or specially assigned as error (Rule 22), appellant contended at the argument that this was a violation of section 10 of the Act of May 23, 1887, P. L. 158, which provides that the neglect or refusal of any defendant actually upon trial in a criminal court, to offer himself as a witness shall not be adversely referred to by court or counsel during the trial. We do not so regard it. As was said in Com. v. Chickerella, 251 Pa. 160, 163: "All that the court said and all that it intended to say was that the facts as presented by the Commonwealth had not been contradicted, and it would be a severely strained construction of the Act of 1887 to hold that this simple statement of the learned court was an adverse

reference to the failure of the defendants to offer them-
selves as witnesses. The jury could not have so under-
stood it." See also, Com. v. Martin, 34 Pa. Superior Ct.
451; Com. v. Rizzo, 78 Pa. Superior Ct. 163, 166; Com.
v. Lessner, 274 Pa. 108, 112.

Nor was it improper for the court to tell the jury that
Mrs. Barr had testified that she had seen a man get out
of Frank Yannessa's automobile, shortly after the shot
was fired and walk slowly west on the pike, or towards
Bryn Mawr, [where defendant lived], and direct their
attention to the question whether this was in the direc-
tion of the Mellon house. Mrs. Barr had been asked the
question: "Which direction did he go, toward Bryn
Mawr or Ardmore?" and had answered: "Out towards
Bryn Mawr"; the purpose of the inquiry, evidently, be-
ing to show that the man was traveling in the direction
of defendant's home and to explain why the thorough
search which followed almost immediately 'after the
shooting was fruitless.

There was no obligation resting on the court to refer
to the alleged discrepancies between Frank Yannessa's
evidence at the trial and his testimony before the com-
mitting magistrate. There was no competent proof
that there were any such discrepancies. They were not
established by counsel merely reading to the witness
some questions and answers from what he stated was a
transcript of his testimony before the magistrate and
asking him whether he had so testified at the hearing,
unless the witness admitted having done so; it was nec-
essary to go further and prove that his testimony was
otherwise before the magistrate.

Nor do we think the charge minimized the testimony
in support of defendant's alibi. The nature of the de-
fense was properly explained and seven pages of the
printed record devoted to a presentation of the evidence
sustaining it. The defendant has no just ground for
complaint because the court referred to the witnesses
who testified on his behalf as his mother, sister, brother,

brother's intimate friend, etc. The relationship had been testified to and it was proper to be considered by the jury; but the court nowhere intimated that the testimony should be discredited or disbelieved by the jury because it was given by members of his family and close friends.

The trial judge may have formed his own opinion from the evidence as to the guilt or innocence of the defendant, but we find nothing in the charge which injected that opinion into the jury box or which deprived the jury of their own free and fair judgment on the evidence: Com. v. Cunningham, 232 Pa. 609; Com. v. Orr, 138 Pa. 276; Com. v. Winkelman, 12 Pa. Superior Ct. 497; Com. v. Zuern, 16 Pa. Superior Ct. 588. The learned counsel who tried the case for the defendant evidently did not, at the time, consider the charge partial, biased or unfair, for in response to the court's request for suggestions looking to the correction of any errors or omissions in the charge, in order that a mistrial might be avoided, he replied that he had none to make and took only a general exception to the charge; and the only reasons presented in the motion for a new trial were, that the verdict was (1) against the law, (2) against the evidence, and (3) against the weight of the evidence, and (4) because of after-discovered evidence. If the charge was so manifestly hostile to the defendant, as is now alleged, it is rather remarkable that the learned counsel who heard it delivered did not except to it on that score and assign it as ground for a new trial.

(2) The rules governing the granting of new trials because of after-discovered evidence are well settled in this State. To entitle a defendant to a new trial on this ground the evidence must have been discovered since the trial, and be such as could not have been obtained at the trial by the use of reasonable diligence; it must not be simply corroborative or cumulative, or merely to impeach the credibility of a witness; and it must be such as would likely result in a different verdict if a new trial were granted: Com. v. Brady, 76 Pa. Su-

perior Ct. 488; Com. v. Carter, 272 Pa. 551; Com. v. Flanagan, 7 W. & S. 415. Such an application is not governed by the strict technical rules applicable to a writ of error, but is addressed to the sound discretion of the court: Boyd v. Boyd, 1 Watts 365, 366; and the exercise of this discretion by the court in refusing a new trial will be reversed on appeal only where it has been clearly abused: Com. v. Hine, 213 Pa. 97; Hunter v. Bremer, 256 Pa. 257, 266; Goldstein v. E. Fallowfield Twp., 43 Pa. Superior Ct. 158, 167. The evidence offered in support of the motion for a new trial was cumulative, and corroborative of the testimony of defendant's mother, sister and friend that he was at the circus when the assault and robbery took place. In passing upon it the court was of opinion that it ought, by the use of reasonable diligence, to have been obtained at the trial; that if the witnesses remembered seeing and speaking to the defendant he ought to have recalled seeing and speaking to them, especially as he had so much more at stake. But irrespective of these matters, if the court below felt that the evidence was such as would likely have resulted in a different verdict, it would have been warranted in granting a new trial. The judge who tried the case, observed the witnesses on the stand, and heard the evidence at the trial, is in a far better position to determine the probable effect of such additional and cumulative evidence than we are, and it was his opinion, after careful study of the depositions and "fair deliberation and consideration" that, even if newly discovered evidence, it was "not such as to render a different result probable on a retrial of the case." We are not satisfied that in so deciding there was a clear abuse of the discretion vested in him by law. Neither the industry of appellant's distinguished counsel nor our own research has disclosed to us a case in this State where an appellate court reversed the lower court and awarded a convicted defendant a new trial because of after-discovered evidence, in the face of a solemn declaration by the trial judge that in his opinion

it would not probably change the result. On the other hand, in McManus v. Com., 91 Pa. 57, 67, the Supreme Court said: "The matter referred to in the sixth assignment is not reviewable here. It is but just to the court below, however, to say, that the testimony on the motion for a new trial appears to have been carefully considered. That it did not produce the effect upon the mind of the learned judge that was intended, is the prisoner's misfortune. It is a matter with which we have nothing to do." See also McGinnis v. Com., 102 Pa. 66, 73; Alexander v. Com., 105 Pa. 1, 11; Com. v. Delero, 218 Pa. 487, 492, which hold that the discretion of the court below in refusing to grant a new trial is not reviewable error.

The assignments of error are overruled; the judgment is affirmed and the record is remitted to the court below; and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.