Commonwealth *v.* Grenda et al., Appellants.

Submitted October 1, 1928.

Before POR-
TER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.

*B. A. Sciotto,* for appellants.

No book or appearance for appellee.

OPINION BY KELLER, J., December 13, 1928:

These appeals were submitted without any oral
argument, and without a brief on behalf of the Com-
monwealth.

Appellants were jointly convicted on three indict-
ments charging respectively, (1) stealing from the
person; (2) unlawfully operating a motor vehicle
without the consent of the owner; and (3) assault
and battery. Sentence was imposed on the first
charge and suspended on the other two. As to the
latter there is no judgment to appeal from: Com. v.
Mellon, 81 Pa. Superior Ct. 20. Hence these appeals
will be restricted to the first mentioned indictment;
otherwise they would have to be quashed. A defend-
ant cannot appeal from sentences under three indict-
ments in one appeal.

The first, second and fifth assignments relate to questions asked the prosecutor by private counsel for the Commonwealth, and the answers received in evidence; the third and fourth to questions asked the defendant, Grenda, on cross-examination by the same counsel. None of the questions should have been asked, and none of the evidence should have been admitted. They relate to (1) attempts to show that the defendant's attorney or attorneys had approached the prosecutor and told him he would get back the $20 alleged to have been taken from him, and all his expenses, if he would withdraw the case; and (2) alleged admissions made by the defendant Grenda to his own attorney, that he and his companions were drunk when the acts complained of occurred. They were neither competent nor relevant evidence and should not have been asked or answered. But, with one exception, the answers fell so far short of what was apparently expected by the questions, that we are not sure they did not harm the Commonwealth more than the defendants; and in line with the modern view as to errors in practice in criminal cases expressed by our Supreme Court in Com. v. Kelly, 292 Pa. 418, 421, we would not reverse because of them. But we cannot regard one of the errors as harmless in view of the other evidence in the case. From the charge of the court, (the evidence in full is not printed), it appears that the defendants did not deny meeting the prosecutor at the time and place he alleged, nor driving with him in his car to Commodore. They did deny taking any money from him, or assaulting him or using his car without his consent. To permit the prosecutor to testify that defendants' attorney had referred him to a man named Ruffner of Greensburg, and that the latter had told him that if he would withdraw his case he would get back his $20 and all the expense to which he had

been put; that he referred Ruffner to the District Attorney, and after their conference Ruffner reported to him that the case could not be settled; and that he had never got back his money, or driver's license, or receipts, "although they agreed to give them back if [he] would end the case," was not harmless error in the circumstances of this case, but on the contrary, it is strongly probable that the verdict rendered on this indictment (stealing from the person), was to some extent influenced by the evidence thus wrongly admitted.

The other assignments are without merit. The tenth relates only to the indictment for assault and battery, which is not before us on this appeal. But the Act of May 27, 1919, P. L. 306, does not prevent a defendant from waiving a hearing on a charge of assault and battery, nor require him to testify against his will.

The appellants complain that the sentence of the court (imprisonment in the Indiana County jail for four months) was not in accordance with the provision of section 102 of the Criminal Code of 1860, P. L. 382, under which they were convicted, but they do not point out in their brief the specific error relied on, and we were not given the benefit of an oral argument on the subject. If the complaint is that they were sentenced to the county jail instead of to separate and solitary confinement in the penitentiary, we call their attention to section 75 of the Act of March 31, 1860, P. L. 427, which provides that no person shall be sentenced to imprisonment at labor by separate and solitary confinement for a period of less than one year, except in counties where suitable prisons have been erected for such confinement and labor; and that in counties where such suitable prisons do not exist, and the sentence shall be for

less than one year, simple imprisonment shall be substituted.

Appeal No. 80, April Term, 1929:—The first, second, third, fourth and fifth assignments of error are sustained. The judgment is reversed and a new trial is awarded.

Appeal No. 82, April Term, 1929:—The first, second and fifth assignments of error are sustained. The judgment is reversed and a new trial is awarded.