## Commonwealth v. Bach, Appellant.

Argued January 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry H. Johns,* for appellant.

*Vincent Carroll,* for appellee.

OPINION BY MR. JUSTICE LINN, January 30, 1934:

The revolting details of this atrocious murder need not be recited; they are contained in the record on file. The evidence is sufficient to support the finding that appellant killed Miss McCloskey in "attempting to perpetrate......rape" (Act of March 31, 1860, P. L. 382, section 74, as amended Act of May 22, 1923, P. L. 306, section 1, 18 P. S., section 2221), and was, therefore, guilty of murder in the first degree, as the jury found.

After his arrest in June, 1933, appellant confessed the crime. He accompanied officers and others to the locus in quo in Fairmount Park, and, in their presence, repeated his movements during the murder, describing it in detail. He was photographed in various stages of the reënactment (also illustrating how he threw the stone which injured Miss McCloskey's companion), subsequently writing on the photographs what they represented. A day or so later he corroborated and signed the deposition of Thomas Barry, a Commonwealth witness, describing his appearance and actions before the commission of the crime.

At the trial, the confession and the evidence concerning it were received without objection (except in a minor particular, not even excepted to, and apparently abandoned). Appellant testified that the officers, by kicking him on the shins, required him to make the

statements given, but the evidence contradicting the appellant on this point was so overwhelming that it is not surprising the jury rejected the claim of duress. He offered evidence to support an alibi; which the Commonwealth contradicted in rebuttal. Concerning the confession, and also the alibi, the jury was adequately instructed. Indeed, a reading of the record shows that appellant received an eminently fair trial.* In addition to the evidence from the witness stand, the jury visited the locus and were able to consider the evidence in the light of the view.

Only two assignments of error are filed in this court: 1, to the refusal of a new trial; and, 2, to the sentence.

1. There was no abuse of discretion in refusing to grant a new trial. The first five reasons given were mere assertions, in various forms, that the verdict was against the law, the evidence, and the charge. The sixth was as follows: "Since the close of the trial the ascertainment of important, material and relevant evidence beneficial to the defendant."

From what has been already said, it is obvious that no ground for a new trial appeared in the assertions 1 to 5. The statement concerning additional evidence is not only not within the familiar rule concerning after-discovered evidence (Hornick v. Bethlehem Mines Corp., 310 Pa. 225, 228, 165 A. 36; Com. v. Carter, 272 Pa. 551, 116 A. 409), but no steps were taken to advise the court what the evidence was or that it was within the rule; in such circumstances, we can only conclude that, on further reflection, counsel for appellant found that he had been misinformed and abandoned the point; it may be noted, too, that nothing is said on the subject in the argument addressed to this court. The contention

---

* At the conclusion of the charge, the learned trial judge inquired of counsel for the defendant whether any additional instructions were desired, and was informed that none were; asked whether he desired any exceptions, counsel replied that he did not. A general exception was, however, granted.

made here is that there were unusual "discrepancies" and "inconsistencies" in the circumstantial evidence constituting part of the Commonwealth's case. Our reading of the record does not leave that impression, but, if there is basis for the conclusion of appellant's counsel, it was the function of the jury to deal with the evidence in the light of the unchallenged instructions given by the learned trial judge. Cf. Com. v. Gray, 101 Pa. 380.

2. The second assignment—which complains of the sentence—must also be overruled. The evidence contains all the ingredients of murder in the first degree, and the jury was authorized to impose the death penalty.

The judgment is affirmed and the record is remitted for purposes of execution.