Commonwealth *v.* Dougherty et al., Appellants.

Argued April 22, 1935.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Hamilton A. Robinson,* of *Dickie, Robinson & Mc-Camey,* for appellants.

*Anne X. Alpern,* First Assistant City Solicitor, with her *Ward Bonsall,* City Solicitor, for appellee.

PER CURIAM, July 18, 1935:

These appeals grew out of the same occurrence. They were argued together and will be disposed of in one opinion.

The defendants were arrested on September 8, 1932 by a police officer of the City of Pittsburgh for disorderly conduct at the Ritz Apartment Hotel. A hearing was had before a magistrate who adjudged them guilty and fined two of them $5 each and the third, $3. They paid their respective fines and subsequently, by allowance, appealed to the county court (Act of April 1, 1925, P. L. 98).

After the appeals had been dismissed for default of appearance, and those orders vacated, the cases were heard de novo before the President Judge of the County Court, who, on June 1, 1933, adjudged the defendants

guilty of disorderly conduct and sentenced each of them to pay a fine, equal in amount to that imposed by the magistrate, and costs, with a direction that credit be given for the money paid on the sentence imposed by the magistrate. Each of the defendants filed a motion for a new trial, assigning as reasons therefor, (1) that the verdict was against the weight of the evidence; (2) that the verdict was against the law; (3) that the trial in the county court had proceeded without a court reporter, notwithstanding the defendants had asked that the case be reported, because all the court reporters were engaged elsewhere in court.

The rules for a new trial were discharged in an opinion by the President Judge. The defendants appealed to this court.

When the cases were called for argument in April 1934 no record of the testimony had been certified to this court, because no court stenographer had been present at the trial. The appellants urged this as sufficient ground for a new trial, but we could not agree with their contention. No statute was called to our attention requiring the proceedings in such a trial, before a judge of the court of quarter sessions, without a jury, to be taken down by a court reporter; and there is no record or minute in the case that the defendants requested that the hearing be reported. We suggested, however, that appellants prepare and present to the trial judge a bill of exceptions, which, since the Act of April 18, 1919, P. L. 72, providing that the testimony taken in the court below shall be reviewed by the appellate court as a part of the record, might be considered as extending to summary conviction proceedings; and accordingly continued the case to afford them that opportunity.

When the case was called for argument this term no bill of exceptions allowed and sealed by the trial judge was filed or produced. It does not appear that any was ever presented to him for allowance and sealing.

Instead the appellants presented, with their brief, a version of the relevant evidence on the trial, which is strenuously disputed by the appellee. The trial judge died shortly before the closing of this term's argument list. The appellants' resume of the testimony,—which, of course, cannot be accepted as the record to be reviewed by us,—brings before us nothing but matters of fact, which were for the sole determination of the trial judge, and which will not be disturbed by us on appeal any more than the verdict of a jury in a trial by jury. The lower court had jurisdiction of the case on appeal, the proceedings seem to be regular, no error on their face is apparent or has been pointed out by appellants, and the defendants were in due form adjudged guilty and sentenced.

The questions now argued before us were not raised in the court below, on the motion for a new trial. They concern (1) the alleged dozing of the trial judge during the presentation of the defendants' evidence; (2) after discovered evidence relative to the residence of the police officer who made the arrest.

The first alleged ground was not raised in the court below, nor in the lifetime of the trial judge. It is not supported by any evidence nor substantiated in any form. We will not consider it.

The second ground is likewise without merit. There was nothing to prevent the defendants, in the exercise of reasonable diligence, from discovering the facts, which they now present, as ground for a new trial, in time for use at the trial; nor are we convinced that it would be likely to cause a different finding from that on the first trial. See Com. v. Mellon, 81 Pa. Superior Ct. 20, 25.

The judgment, in each case, is affirmed.