Fischer et al. *v.* Hunsberger, Appellant.

Submitted November 17, 1943. Before KELLER, P. J., BALDRIDGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Hugh Roberts,* for appellant.

No appearance was entered for brief filed for appellees.

PER CURIAM, December 9, 1943:

The defendant has appealed from an order of the court below refusing to open and review a judgment, entered June 24, 1941, upon the verdict of a jury in an

action of ejectment, after that judgment had been affirmed by this court on April 15, 1942, (148 Pa. Superior Ct. 481 25 A. 2d 828), a re-argument refused by us on April 28, 1942, an appeal denied by the Supreme Court of Pennsylvania (148 Pa. Superior Ct. XXIV), and petition for certiorari to this court denied by the Supreme Court of the United States (317 U. S. 680), and rehearing of the same denied December 7, 1942 (317 U. S. 711).

This unusual attempt to review a judgment entered on the verdict of a jury in a common law action, which judgment had been definitively affirmed by an appellate court over a year before, was filed on May 17, 1943, on the ground of after-discovered evidence. It was dismissed by the Court of Common Pleas of Bucks County on June 7, 1943, because it did not come within the well-established rules governing the granting of new trials because of after-discovered evidence.[1]

We know of no authority given a trial court to open and review a judgment entered on a verdict in a com-

---

[1] "The rules governing the granting of new trials because of after-discovered evidence are well settled in this State. To entitle a defendant to a new trial on this ground the evidence must have been discovered since the trial, and be such as could not have been obtained at the trial by the use of reasonable diligence; it must not be simply corroborative or cumulative, or merely to impeach the credibility of a witness; and it must be such as would likely result in a different verdict if a new trial were granted: *Com. v. Brady,* 76 Pa. Superior Ct. 488; *Com. v. Carter,* 272 Pa. 551 [116 A. 409]; *Com. v. Flanagan,* 7 W. & S. 415. Such an application is not governed by the strict technical rules applicable to a writ of error, but is addressed to the sound discretion of the court: *Boyd v. Boyd,* 1 Watts 365, 366; and the exercise of this discretion by the court in refusing a new trial will be reversed on appeal only where it has been clearly abused: *Com. v. Hine,* 213 Pa. 97, [62 A. 369]; *Hunter v. Bremer,* 256 Pa. 257, 266, [100 A. 809]; *Goldstein v. E. Fallowfield Twp.,* 43 Pa. Superior Ct. 158, 167"; *Com. v. Mellon,* 81 Pa. Superior Ct. 20, 25-26.

mon law action, because of alleged after-discovered evidence, after the judgment has been finally adjudicated and affirmed by an appellate court; but passing by that question and considering the application as if it were a motion for a new trial on the ground of after-discovered evidence, an examination of the record fails to disclose any reversible error in the action of the court below.

Order affirmed.