## Walters *v.* Kapiris, Appellant.

Argued April 15, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles McC. Barrickman,* with him *W. N. Dinsmore* and *Buchanan & Barrickman,* for appellant.

*Myron E. Rowley,* with him *Ralph E. Smith* and *Rowley & Smith,* for appellee.

OPINION BY DITHRICH, J., July 19, 1946:

An automobile owned and operated by plaintiff and a truck owned and operated by defendant collided at the intersection of Franklin Avenue and McLon Street in the Borough of Aliquippa as the truck was attempting to make a right-hand turn from Franklin Avenue into McLon Street. Prior to the collision, both vehicles had been proceeding in a westwardly direction on Franklin Avenue. It is 42 feet in width between curbs and McLon Street is 15 feet in width.

Plaintiff's testimony was that the truck passed her to her left just before the two vehicles reached the intersection and then suddenly and without warning cut to the right directly in front of her in attempting to make the turn into McLon Street. Defendant's testimony was that he had not passed plaintiff but that she had tried to pass him on his right as he was making the turn. He further testified that he did not see her automobile until the instant of collision.

The jury found for plaintiff and defendant moved for judgment n. o. v. and for a new trial. Both motions were refused, hence this appeal. The motion for judgment is based on the ground that it would have been physically impossible for the truck to have passed the automobile and cut in front of it in the short space of

55 feet from the intersection, the distance plaintiff estimated it to be when she first saw it in her rear-vision mirror. A disinterested witness for plaintiff who was driving his automobile eastwardly on Franklin Avenue, estimated the distance from the point where defendant passed plaintiff to the point of collision to be 125 feet, and on a motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in her favor, but she must be given the benefit of every fact, and inference of fact, pertaining to the issue involved which may reasonably be deduced from the evidence. This principle of law is so well established that it is no longer necessary to cite cases in support of it.

But whatever the distance may have been, it was not an accurate measurement but merely an estimate based largely upon the relative rate of speed at which the two moving vehicles were travelling, and in *Cunningham v. Pa. R. R. Co.*, 352 Pa. 571, 43 A. 2d 825, in reversing the entry of judgment n. o. v. in the court below where the basis for the entry of the judgment was the application of the doctrine of incontrovertible physical facts, the Supreme Court said, p. 575: "We have frequently decided that the doctrine of incontrovertible physical facts is inapplicable when dependent upon *estimates* of distances and the speed of moving objects. [citing cases.]"

The only reason pressed in support of the new trial motion is that of "after-discovered" evidence. Defendant presented the affidavit of a man who swore that he ". . . had seen the accident but had not volunteered the information for the reason that he did not want to become involved in the case." According to defendant, it was not until after the jury had found against him that the alleged witness came forward. The learned court below decided, and properly so, that the evidence did not meet the tests laid down for after-discovered evidence. In *Fischer v. Hunsberger*, 153 Pa. Superior Ct. 572, 35 A. 2d 91, we said in a footnote, p. 573: "The

rules governing the granting of new trials because of after-discovered evidence are well settled in this State. To entitle a defendant to a new trial on this ground the evidence must have been discovered since the trial, and be such as could not have been obtained at the trial by the use of reasonable diligence; it must not be simply corroborative or cumulative, or merely to impeach the credibility of a witness; and it must be such as would likely result in a different verdict if a new trial were granted: [citing cases]. Such an application is not governed by the strict technical rules applicable to a writ of error, but *is addressed to the sound discretion of the court:* Boyd v. Boyd, 1 Watts 365, 366; *and the exercise of this discretion by the court in refusing a new trial will be reversed on appeal only where it has been clearly abused:* [citing cases]." (Underscoring supplied)

We find no abuse of discretion or other reversible error on the part of the learned court below.

The judgment is affirmed.