## Yount *v.* Whisner, Appellant.

Argued April 14, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*W. Davis Graham*, with him *Wade E. Heilman*, for appellant.

*E. O. Golden*, with him *Matthew A. Crawford* and *Thomas D. Stauffer*, for appellee.

PER CURIAM, April 20, 1948:

This is a trespass action in which defendant has appealed from the order of the court below granting a new trial, on plaintiff's motion, upon the ground of after-discovered evidence. At the trial of the case the jury returned a verdict in favor of defendant on his counter-claim in the sum of $2,000. Plaintiff filed a motion for a new trial, and among the reasons assigned was that relating to after-discovered evidence.

Appellant on this appeal contends that the alleged after-discovered evidence did not warrant the grant of a new trial in that the affidavits in support of the motion failed to meet the prescribed tests. See *Hornick et al. v. Bethlehem Mines Corp,* 310 Pa. 225, 228, 165 A. 36; *Walters v. Kapiris,* 159 Pa. Superior Ct. 170, 48 A. 2d 35.

But as we said in *Kingsdorf v. Frank Gamburg, Inc.,* 147 Pa. Superior Ct. 84, 89, 90, 24 A. 2d 140, 142: "We do not hold a trial court, which in its discretion has seen fit to grant a new trial because of after-discovered evidence, to the same strictness as respects the requirements or incidents of such evidence, as we do where a party is asking us to reverse the lower court for refusing to take such action. 'Whether or not a new trial shall be granted to let in after-discovered evidence is a matter for the trial court and in such cases we never reverse unless convinced of clear abuse of discretion': Hunter v. Bremer, 256 Pa. 257, 266, 100 A. 809. As succinctly stated by the Supreme Court in Simmons-Boardman Pub. Co. v. American Boron Products Co., 282 Pa. 521, 128 A. 511. 'We have not been referred to any case, and we know of none, where an order granting a new trial on the ground of after-discovered evidence has been reversed on appeal; matters of that kind are peculiarly within the discretion of the trial court.' "

In the absence of a clear abuse of discretion by the court below, we will not reverse the order.

The order appealed from is affirmed.