## Essreg v. Bronstein, Appellant.

*Practice, Superior Court—After-discovered evidence—Refusal of new trial—Discretion of court.*

Whether or not a new trial shall be granted, to let in after-discovered evidence, is a matter for the trial court, and the refusal of a new trial in such case will not be reversed, in the absence of proof of clear abuse of discretion.

*Trespass—Assault and battery—Evidence—New trial.*

In an action of trespass for assault and battery it is not error to refuse the motion for new trial, on the ground that an affidavit filed showed that the plaintiff's witnesses testified that they saw

the assault, from a point from where it was physically impossible to view it, when the evidence of the witnesses, both in chief and on cross-examination, was not necessarily inconsistent with the allegations of the affidavit.

Argued October 21, 1920.    Appeal, No. 245, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, May T., 1919, No. 406, on verdict for plaintiff in the case of Jacob Essreg, a minor, by his father and next friend, Abraham Essreg, and Abraham Essreg in his own right, v. Jacob Bronstein.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Trespass to recover damages for assault and battery. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Jacob Essreg, for $200 and for plaintiff, Abraham Essreg, for $50.    Subsequently a remittitur was filed by the plaintiff, Abraham Essreg, reducing the verdict in his favor to $25 and judgment was entered thereon.    Defendant appealed.

*Error assigned* was refusal to grant a new trial because of after-discovered evidence, as recited in the opinion of the Superior Court.

*George Douglas Hay,* and with him *B. Gordon Bromley,* for appellant.

*J. Carroll Fow,* for appellees.

OPINION BY PORTER, J., March 5, 1921:

This is an action of trespass, for assault upon the minor plaintiff, in which the plaintiffs recovered judgments in the court below and the defendant appeals. The only assignment of error is to the refusal of the

court below to grant a new trial, the motion for which was upon the ground of after-discovered evidence.

Two ladies called as witnesses by the plaintiffs had testified at the trial that while sitting at a window of No. 219 Montrose street, they had seen the defendant slap and kick the minor plaintiff and that the assault occurred on Bodine street, near Montrose street. They further testified they ran over to where the little boy was lying on the pavement and one of them said to the defendant, "What are you doing?" whereupon the defendant told her it was none of her business; that one of the ladies picked up the little boy, who was bleeding from his mouth and nose, and carried him home and gave him to his mother. The defendant did not take depositions in support of his motion for a new trial upon the alleged ground of after-discovered testimony, but contented himself with filing the affidavit of one Abe Cohen, the material allegation of which was as follows, viz: "I am familiar with the locality of Montrose and Bodine Sts., and from careful examination I have made, I state that it is physically impossible for any one in the windows of No. 219 Montrose St., to see a person coming out into Bodine St. from the alleyway in the rear of No. 228 Montrose St. and commit an assault down on Bodine St. which runs south from the point where Bodine St. intersects with the south side of Montrose St., as No. 219 Montrose St. does not face Bodine St., but is about fifty feet east thereof, from which point such a view would be obscured by brick houses." The house No. 219 is upon the north side of Montrose street; if it be conceded that it stands fifty feet east of Bodine street, then it seems clear that from the windows of that house there would be an unobstructed view of the west side of Bodine street for at least a short distance south of Montrose street. The argument of appellant is that, as the affidavit of Cohen states that it is physically impossible for any one in the windows of 219 Montrose street to see a person coming out into Bodine street from

the alley in the rear of 228 Montrose street, this is a flat contradiction of the testimony of the two witnesses in question. The argument assumes that the two ladies had testified that they saw the defendant coming into Bodine street from the alley in the rear of his residence, but the assumption is not supported by any fair reading of their testimony. One of the witnesses, Mrs. Satkoff, had testified that she was sitting at the window of No. 219 Montrose street and saw the defendant strike and kick the boy, but she did not attempt to say, nor was she asked, from what direction the defendant approached the scene of the assault, nor did she make any mention of the alley, entering Bodine street from the rear of the houses fronting on Montrose street, west of Bodine street. The other witness, Mrs. Robinson, did say in her examination in chief: "I seen Mr. Bronstein come from the back to Bodine St., and run over to the oldest boy, and grab the oldest boy by the ear, and the oldest boy pulled away from him, and he caught hold of the little boy and he smacked him in the face, and the little boy fell, and I ran over and I said what are you doing?" etc. It was, however, made clear by the cross-examination that her statement that the defendant came "from the back to Bodine St." was founded upon inference. She was asked the direct question; "Q. Did you see him come out from the back? A. I didn't see him come out of the back, but that is the only way he can come out. Q. Then you didn't really see where he came from? A. That is about the only way he can come out, through Bodine St., through the alley." Here was a direct statement in her testimony that she did not see him come out from the back through the alley, into Bodine street. The testimony of this witness cannot be fairly interpreted as meaning that she did see or could see the defendant coming out of the alley, leading from the rear of his residence, into Bodine street. The witness evidently intended to be understood as meaning that the defendant did not come out of the front door of his house on Montrose

street; that he first came into her view on Bodine street and that, although she did not see him come through the alley into Bodine street, he must have come that way in order to reach the point where she first saw him. There was nothing in the testimony of these two witnesses which can be said to be inconsistent with the allegations of the affidavit upon which the defendant relied to sustain his motion for a new trial. "Whether or not a new trial shall be granted to let in after-discovered evidence is a matter for the trial court, and, in such cases, we will never reverse unless convinced of clear abuse of discretion": Hunter v. Bremer, 256 Pa. 256. The action of the court below, in refusing a new trial, was a wise and proper exercise of its discretion.

The judgment is affirmed.