# Babbitt, Appellant, *v.* Jackson.

*Appeals—New trial—Granting new trial—Discretion of court, abuse of.*

1. On an appeal from an order granting a new trial, the appellate court will not reverse unless it clearly appears that the trial court abused its discretion by acting arbitrarily or under a plain mistake of law.

Argued January 14, 1924. Appeal, No. 149, Jan. T., 1924, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1921, No. 3070, making absolute rule for new trial, in case of B. T. Babbitt v. Ellis Jackson, trading

as Ellis Jackson & Co.    Before FRAZER, WALLING, SIMP-
SON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Rule for new trial.    Before BARTLETT, J.
The opinion of the Supreme Court states the facts.
Rule absolute.    Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

W. *Logan MacCoy*, of *MacCoy, Evans, Hutchinson &
Lewis,* for appellant.

*John Weaver*, with him *Russell Conwell Cooney,* for
appellee.

PER CURIAM, February 25, 1924:
Plaintiff sued to recover the price of a carload of
chloride of lime sold and delivered, under a contract in
writing which provided for a test of 35-37% available
chlorine, f. o. b. Echota or Niagara Falls, New York.
The affidavit of defense does not deny liability for the
amount of plaintiff's claim but avers a set-off to an
amount exactly equal to that sued for and is based on
alleged breach of warranty in a shipment of that ma-
terial previously made and paid for by defendant.    A
verdict was rendered for the full amount of plaintiff's
claim.    Subsequently a rule for a new trial was made
absolute by the court in banc and plaintiff appealed.

An examination of the record shows the testimony to
be quite conflicting as to the actual component parts of
the chloride of lime furnished in the disputed shipment
and also the value of that commodity containing a less
percentage of chlorine than called for in the contract in
this case.    While the court below filed no opinion stating
its reasons for granting a new trial, we cannot, in view
of all the circumstances indicated by the testimony, hold
the court's order to be an abuse of discretion.    The right
of the lower court to grant a new trial has been fre-

quently upheld by this court and citation of cases in its support seems unnecessary. In Sloan v. Miller, 275 Pa. 452, we cited with approval what was said in Hess v. Gusdorf, 274 Pa. 123, as follows: "On appeal from an order such as the one here complained of [granting a new trial], we never reverse unless it clearly appears the trial court abused its discretion by acting arbitrarily or under a plain mistake of law." See also Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530.

Inasmuch as no clear error of law or abuse of discretion appears in this case, the appeal is dismissed.