## Simmons-Boardman Publishing Co., Appellant, *v.* American Boron Products Co.

*Appeals—Grant of new trial—Discretion of trial court—After-discovered evidence.*

1. An order granting a new trial on the ground of after-discovered evidence is a matter peculiarly within the discretion of the trial court, and if such discretion has not been abused, the order will not be reversed.

2. The scope of an appeal from the grant of a new trial is very limited, so far as the considerations which may prevail are concerned, and in such cases the appellate court seldom reverses. Class & Nachod B. Co. v. Giacobello, 277 Pa. 530, followed.

Argued January 26, 1925. Appeal, No. 121, Jan. T., 1925, by plaintiff, from order of C. P. Berks Co., March T., 1923, No. 37, granting a new trial, in case of Simmons-Boardman Publishing Co. v. American Boron Products Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for new trial. Before LANDIS, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Rule absolute. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Randolph Stauffer,* for appellant.

*E. H. Deysher,* for appellee.

PER CURIAM, March 16, 1925:

The court below granted a new trial; when entering the order here appealed from, it indicated the belief that the ends of justice required the rehearing of the case because of certain after-discovered evidence offered by defendant, against whom the verdict was found. Plaintiff has appealed and contends that the new evidence might have been discovered prior to the trial of the case had defendant been diligent, and hence there was an abuse of discretion in the order here complained of.

In Class & Nachod B. Co. v. Giacobello, 277 Pa. 530, 537-8, we said, inter alia: "Because the opinion of the trial court refers to only one question or a single point in the case, this fact will not be treated by us as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from; and, before we will proceed to review, it must appear that testimony is not to be passed on by us unless purely as to its legal effect in some isolated and all-controlling

particular wherein its verity is admitted......This court will not review an order granting a new trial unless......the court [below] states it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case; and then we will review the reasons given only when they do not involve the consideration of oral evidence further than as [previously] noted......Finally, whenever the reason or reasons assigned involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears. Thus it will be seen that the scope of an appeal from the grant of a new trial is very limited, so far as the considerations which may prevail are concerned, and that, in this class of cases, we seldom reverse." See also Republic Mrtg. Co. v. Irwin, 278 Pa. 124, 126; Babbitt v. Jackson, 279 Pa. 480, 482; Reist v. Wogan, 281 Pa. 107, 108; Pera v. Harrisburg Rys. Co., 281 Pa. 203, 205.

We have not been referred to any case, and we know of none, where an order granting a new trial on the ground of after-discovered evidence has been reversed on appeal; matters of that kind are peculiarly within the discretion of the trial court: Hunter v. Bremer, 256 Pa. 257, 266.

The order is affirmed.