# Harkai *v.* Pisano, Appellant.

*Appeals—New trial—Dismissal of, rule for judgment n. o. v.—*
*Act of April 9, 1925, P. L. 221—Discretion of Court.*

The Act of April 9, 1925, P. L. 221, does not impair the immemorial right of a trial court to grant a new trial, whenever, in its opinion, the justice of the particular case so requires. Nor does it change the established practice of the appellate courts on appeal in such matters. It simply gives to the party whose motion for judgment non obstante veredicto has been dismissed, the right to have the action of the court below reviewed by the appellate court.

In reviewing an appeal from an order of the court below, in cases where it has dismissed a motion for judgment non obstante veredicto, but has awarded a new trial, the appellate court will affirm unless the granting of the new trial was a clear abuse of discretion.

In such cases the appellate court is not required to review the pleadings and the evidence for the purpose of determining whether or not 'a judgment should have been entered, as moved for, if the court below had not exercised its discretion in granting a new trial.

Argued March 2, 1926. Appeal No. 22, February T., 1926, by defendant, from order of C. P. Luzerne County, May T., 1920, No. 651, in the case of Laslo Harkai and Sophie Harkai v. Thomas Pisano. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass for wrongful death of minor son. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs. Defendant moved for judgment n. o. v. which motion the court dismissed and ordered a new trial. Defendant appealed.

*Errors assigned* were the refusal of defendant's request for binding instructions and motion for judgment n. o. v.

*Frank L. Pinola,* and with him *J. Justin Blewitt* and *Frank A. McGuigan,* for appellant.

*J. E. Jenkins,* of *Jenkins, Turner & Jenkins,* for appellee.

Opinion by Cunningham, J., April 19, 1926:

This is an appeal under the second section of the Act of April 9, 1925, P. L. 221, taken by the defendant, from the order of the court below declining to enter judgment in his favor n. o. v., but directing a new trial, in an action for damages arising out of his alleged negligence.

As the case stood in the court below, after certain amendments to the pleadings, it was an action by the parents of a boy about twelve and one-half years of age against his employer to recover damages for the death, on April 25, 1919, of their son, alleged to have been due to the negligence of said employer.

At the conclusion of the plaintiffs' testimony it was conceded by their counsel that the only ground for recovery was the alleged negligence of the defendant in employing. their minor son in violation of the provisions of the Acts of May 2, 1905, P. L. 352, and May 13, 1915, P. L. 286, prohibiting the employment of any minor under fourteen years of age in any establishment or any occupation except "on the farm, or in domestic service in private homes." For the purposes of this appeal it is not necessary to consider to what extent the said Act of 1905 is supplied, modified or repealed by the said Act of 1915, because the issue in this case under the pleadings and the evidence is whether the minor was employed as a laborer on a farm, or as an employe in a certain greenhouse thereon erected, which counsel for plaintiffs contend was, under the evidence, an "establishment" in which it was illegal to employ said minor. The trial judge submitted this issue of fact to the jury and, although counsel for the defendant, at the conclusion of the charge, requested that the jury be instructed that the plaintiffs could not recover if they had knowledge of the minor's

alleged illegal employment, (Pinter, et al., v. James Baker, Inc., 272 Pa. 541, 544), the request was not granted for the reason, as frankly stated by the trial judge in his decision directing a new trial, that he "felt satisfied that the jury would return a verdict in favor of the defendant." The jury returned a verdict on May 4, 1925, finding that the defendant "was engaged in a business of that of a truck gardener, and not as a farmer as defined in the Act of 1905," and awarding damages in the amount of $960.00. The defendant offered no evidence at the trial but submitted a point requesting binding instructions, which point was declined and not read; the plaintiffs also presented a point to the effect that the employment of said minor by the defendant "was negligence per se and the verdict must be for the plaintiffs" which point was also declined and not read.

Neither party moved for a new trial, but the defendant on May 7, 1925, moved for judgment in his favor n. o. v. In a decision filed September 22, 1925, the court below stated the contentions of the parties in the following language: "The boy was run over by an auto truck on the defendant's farm and suffered injuries which resulted in his death; there was no evidence of any negligence on the part of the driver; plaintiff claims recovery upon the sole ground of illegal employment in violation of law. It was conceded that defendant was the lessee of a tract of land containing about fifty acres; two or three acres were planted with onions, five or six acres with cabbage, ten or fifteen acres with tomatoes, about fifteen acres in celery, where onions had formerly been planted, two or three acres of sweet corn, two or three acres of hay and other parts planted with beets, carrots, parsnips and other vegetables incident to truck gardening, and some live stock, horses, cows, pigs, chickens, etc. Upon the premises were two large greenhouses heated by a boiler, in which seeds were planted and as the plants

grew, transplanted into boxes, some sold in the market and others planted upon the farm. It is conceded that on the day of the accident the boy was picking onions on the premises and carrying them into the greenhouse to peel; plaintiff contends that a greenhouse is an establishment or place within the Act of 1905." After stating that in his opinion the defendant was a farmer and the greenhouse merely an adjunct to the farming business the trial judge further said: "The jury having disregarded the evidence and the court having failed to charge them on the subject of contributory negligence, the interests of justice require that this case be retried." The nature and extent of our inquiry upon this appeal, and the rules to be followed in reaching a conclusion are clearly stated by Mr. Justice SIMPSON, speaking for our Supreme Court, in an opinion filed February 1, 1926, in the case of Lafayette March v. Philadelphia and West Chester Traction Company, 285 Pa. 413.

Prior to the approval of the said Act of April 9, 1925, P. L. 221, this appellant could not have taken the present appeal, because, as our Supreme Court has shown in its said opinion, a defendant, whose point for binding instructions had been declined, had, under the Acts of April 22, 1905, P. L. 286, and April 20, 1911, P. L. 70, the latter applying to cases in which a jury disagrees, the right to have the evidence certified and filed, judgment entered and an exception granted, only in the event that the court below did not direct a new trial.

At this point we quote the following paragraphs from the opinion of Mr. Justice SIMPSON as fully applicable to the present appeal: "This was the situation when the Act of 1925 was passed. It re-enacted the Act of 1905, and stated 'that it shall be the duty of the court having directed such new trial, to so certify the evidence, and to grant an exception to the party whose motion for judgment non obstante veredicto has been

declined,' and, after giving the right of appeal to such party, directed that 'The Supreme or Superior Court shall review the action of the court below, and shall enter such judgment for either party as shall be warranted by the evidence taken in that court, or shall affirm the action of that court in granting a new trial.' It will be observed that the statute does not attempt to deprive the court below of its immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires. It is more than doubtful whether the legislature could impair or destroy that wise provision; it has not tried to do so, however, but only requires the record to be put in shape for review, if a new trial is granted. If it is granted, the pending motion for judgment non obstante veredicto necessarily falls, for a new trial and a judgment cannot be in effect at the same time in the same case. It follows that if the court below did not abuse its discretion in granting a new trial, it could not have erred in making the necessarily resultant order refusing judgment non obstante veredicto; and, hence, in that event, we cannot reverse because it did so order.

Nor does the act attempt to change our established practice where an appeal is taken in such cases. Our right to affirm the order granting a new trial is expressly provided for, and it necessarily follows, for the reason above stated, that, if we approve of the order thus made, the appeal from the refusal of judgment non obstante veredicto must be dismissed. In other words, we cannot reverse and enter judgment for appellant, unless we are convinced the court below abused its discretion in awarding a new trial. This conclusion is in accord with the principle of interpretation quoted in the first paragraph of this opinion, and no other would be, [that 'a statute should be so interpreted that it will accord, as nearly as may be, with the theretofore existing course of the common law.'] What the statute does, and wisely does, is to

make impossible the discrimination which the Act of 1905 made possible; for it places each of the litigants on the same plane, and gives to each the right, which the court below can no longer control, to have its exercise of discretion reviewed by us.

Our final inquiry is, therefore: Did the court abuse its discretion by granting a new trial in the instant case? We can best meet this question by first quoting the applicable rules as set forth in Class and Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 538, where, after a careful review of many of the preceding authorities, we said: 'It may be stated generally, therefore, that this court will not review an order granting a new trial, unless the whole controversy may be ended by a determination of the constitutionality, applicability, construction or effect of a statute, or other matter of writing, which so far as the case in hand is concerned, could not possibly be controlled or affected by evidence aliunde the writing itself, and in such instances the record must not only plainly show the point in question but its governing force; or, unless it clearly appears the court below, in ordering the new trial, either asserted a power which, under the attending circumstances, it did not possess, or its action was controlled by a point of law, the decision of which, one way or the other, would govern the case, to the exclusion of all other considerations; or, unless the court states it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case, and then we will review the reasons given only when they do not involve the consideration of oral evidence further than as noted in the preceding paragraph (that is, 'testimony is not to be passed on by us, unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted'); finally, whenever the reason or reasons assigned involve the exercise of discretion,

the order of the trial court will not be interferred with unless a palpable abuse of power appears.'

These conclusions were approved in Republic Mortgage Co. v. Irwin, 278 Pa. 124; Babbitt v. Jackson, 279 Pa. 480; Reist v. Wogan, 281 Pa. 107; Pera v. Harrisburg Railways Co., 281 Pa. 203; Weiss v. London Guarantee and Accident Co., Ltd., 282 Pa. 127; Simmons-Boardman Publishing Co. v. American Boron Products Co., 282 Pa. 521; and Feite v. Goll, 285 Pa. 151. Each and all of the authorities cited on this point, exclude the idea, which defendant by its argument seems to assert, that we should, in this class of appeals, review the pleadings and all the evidence, for the purpose of determining whether or not a judgment should have been entered, as moved for, if the court below had not exercised its discretion in granting a new trial. Especially is this contention incorrect, where, as here, all the evidence is oral; in such cases the trial judge, who saw and heard the witnesses, is far better able to decide what weight should be given to their testimony, and hence as to what is the proper course to be pursued, than an appellate court, not so favored, can possibly be: Clarkson v. Crawford, 285 Pa. 299.

\*     \*     \*     \*     \*     \*     \*     \*

What we have said above compels us to affirm the order of the court below, since, in order to even consider the question of reversal, we would have to make a careful study of all the evidence in the case, which, for the reasons stated, we are not required to do. Our failure to do so must not be construed, however, as a disagreement with the conclusion reached by the court below; we simply do not pass on that question.''

Adopting the above quoted principles and applying them to this appeal, we are of opinion that the order of the trial judge directing a new trial should not be disturbed.

The order of the court below is affirmed.