## Commonwealth *v.* Jordan, Appellant.

Argued September 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

110

*Samuel P. Lavine,* for appellant.

*Raymond V. John,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., October 25, 1944:

The defendant was convicted on two bills of indictment charging statutory rape upon two sisters, Elizabeth Walker, who became 16 years of age on June 14, 1943, and Annette Walker, who was 14 at the time of the alleged assaults.

The defendant lived with the mother of these two girls in a small five room house and was the father of two of her younger children. The household consisted, in addition to the defendant, of those two children, Elizabeth, Annette, their mother and the maternal grandmother.

Elizabeth testified that the defendant had intercourse with her in their house on seven or eight occasions between January and September 1943, when her grandmother was at home, and that in each instance the intercourse lasted fifteen minutes; that she resisted but made no outcry or complaint whatsoever until Labor Day of 1943, when she told her mother.

Annette, the other sister, testified to two acts of intercourse in March and April of 1943, each of which occurred about six o'clock in the morning in her bedroom when her two sisters and brother were in the room; that she uttered no alarm because of defendant's threats to kill her and did not tell anyone of these offenses until June 1943.

The defendant denied these charges of intercourse and attempted at the trial to introduce evidence of bad repute for morality and chastity of these girls. Objection to this evidence was erroneously sustained by the court and compels the granting of a new trial. The Act of June 24, 1939, P. L. 872, §721, 18 PS §4721, which is a reenactment of the Act of May 19, 1887, P. L. 128, provides as follows: "Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication."

In *Commonwealth v. Howe*, 42 Pa. Superior Ct. 136, the defendant, as here, denied that he had illicit relation with the prosecuting witness and offered to show that she was not of good repute at the time the offense charged was alleged to have been committed. We held that evidence to establish that fact was a very material branch of the defense, for if she was not of good repute and the carnal knowledge was had with her consent, the defendant could be convicted of fornication only. See, also, *Commonwealth of Pa. v. Stewart*, 110 Pa. Superior Ct. 279, 168 A. 528.

While it is true that both the Walker girls denied that they consented to the intercourse, their failure to make an outcry or prompt complaint was an important matter for the jury's consideration and might have induced it to conclude that they did consent to the defendant's unlawful conduct. If they consented and were not of good repute, which the defendant attempted to prove, he should have been convicted of fornication only.

Judgment is reversed with a venire.