Commonwealth *v.* Sutton, Appellant.

Argued April 22, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*F. Joseph Thomas,* for appellant.

*P. Richard Thomas,* Assistant District Attorney, with him *Raymond P. Shafer,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1952:

In this criminal case, the defendant, Ray Sutton, was tried and convicted under an indictment which charged that on June 24, 1951, he did "unlawfully carnally know and abuse [his step-daughter] one Carol Penniman, also known as Carol Sutton, she being under the age of sixteen years and she being the daughter of the wife of Ray Sutton". After his motion for a new trial was refused and sentence imposed, the defendant took this appeal.

The Act of June 24, 1939, P. L. 872, sec. 721, 18 PS sec. 4721, provides as follows: "Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of six-

teen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication." It is the repute of the girl which constitutes a defense, not her acts, and the question is what she is reputed to be, not what she actually is. *Com. v. Wink,* 170 Pa. Superior Ct. 96, 84 A. 2d 398; *Com. v. Stewart,* 110 Pa. Superior Ct. 279, 168 A. 528. Specific acts of misconduct are inadmissible in criminal actions to prove a bad general reputation. *Com. v. Lyons,* 142 Pa. Superior Ct. 54, 15 A. 2d 851.

The appellant's first and principal contention is that the trial court erred in its charge to the jury relative to the repute of the victim of the offense. During the course of the charge the court stated: "And the defendant, if you would find her unchastity arose from his acts, cannot then come into court and rely upon that bad reputation that he gave her, in order to relieve him from any of his responsibilities for the offense. In other words, if you would find that he debauched her, and that she thereby from that relationship acquired a bad reputation, that would not benefit him in any way." The appellant contends that under the authority of *Com. v. Howe,* 42 Pa. Superior Ct. 136, this portion of the court's charge was reversible error, but with this contention we cannot agree.

In the *Howe* case, in reversing the trial court, we held that the defense of ill repute was not adequately brought to the attention of the jury; that from the charge the jury "would be probably led to conclude" that the only available defense was the denial of the commission of the act; that the court erred in charging that by bad repute "is meant bad repute *prior* to the time of any unlawful relations that she might have had with defendant", stating at page 143: "The period re-

ferred to in the statute as the time when the woman-child was not of good repute *is the time when the act was committed* which constitutes the crime. . . . . To permit an inquiry as to how this repute became established would introduce an issue in the case entirely apart from the charge in the indictment and one not warranted by the statute. . . . [page 144] . . . Under the charge the jury could have been satisfied that the girl was not a person of good repute and still have convicted the defendant, because they inferred or believed that her reputation grew out of her relation with the defendant *before* the crime set forth in the indictment was committed." (Italics supplied.)

From a reading of the charge in the instant case, it is clear that the trial judge committed none of the errors that were present in the *Howe* case. Here the learned court below instructed the jury that even if appellant had sexual relations with the prosecuting witness he could not be convicted of rape if she was of bad repute and if such relations were had with her consent. The jury was told that "bad repute means her reputation in the community where she lives for being an unchaste woman"; and were reminded that "a number of witnesses" had testified that they had known the child for some time and that she was "a woman of bad repute". Finally, the court underscored the benefits accorded to the defendant by the proviso of section 721 by stating that if the jury found "by the weight and preponderance of the testimony" that the child was of bad repute "at the time the defendant is charged with having relations with her", on June 24, 1951, "then you must find him not guilty of rape". Furthermore, the portion of the charge, to which appellant particularly objects, relative to his benefiting from his own wrongdoing, is—as stated by Judge MOOK in his opinion—taken from *Com. v. San Juan et al.*, 129 Pa. Superior Ct. 179, 195 A. 433, where we stated

at page 185: "We have held that proof of specific acts tending to show bad character is inadmissible: Com. v. Stewart, 110 Pa. Superior Ct. 279, 168 A. 528. In Com. v. Howe, supra, [35 Pa. Superior Ct. 554] it was said: 'Her acts of unchastity prior to the time covered by the indictment disclosed by her own admissions, were not evidence that she was not of good repute for chastity.' It follows that her admissions of acts of unchastity covered by the indictment are not evidence that she was not of good repute. *As the court below well said: 'They can not come in this court now and say that they debauched her and that by reason of their acts she became of ill repute.'* " (Italics supplied).

We think that the charge of the trial court in this case was fair and complete and that it afforded appellant every advantage to which he was entitled by the statute.

The appellant contends that the court below erred in refusing to require the Commonwealth to elect a date certain upon which it intended to rely for a conviction. The indictment charged that the offense occurred "on the twenty-fourth day of June" 1951. At the trial it appeared that the date specified in the indictment was the date of the last act of intercourse. The prosecuting witness testified that she had intercourse with the defendant "on or about the 24th day of June, 1951". June 24, 1951 was a Sunday.

Although the appellant admits that the Commonwealth had a right to allege a date in the indictment and to prove any other date within the statutory limits (*Com. v. Neff*, 149 Pa. Superior Ct. 513, 27 A. 2d 737) he contends that since evidence was introduced of acts of intercourse between the prosecuting witness and himself covering a period of two years, the Commonwealth at the close of its case should have fixed a date certain upon which it relied for a conviction so that he might present an alibi for that date if he could do so.

The answer to this contention is twofold: First, at all times the Commonwealth relied upon the date of June 24, 1951, and second, the appellant did present evidence to establish an alibi for that date, but the jury rejected this evidence. Assuming arguendo that the Commonwealth should have elected "a date certain" upon which it intended to rely for a conviction, the appellant was not prejudiced by its failure to do so.

The jury in this case was selected on voir dire and a Mrs. Madeline Ewing was challenged by the Commonwealth. Mrs. Ewing was later called by the Commonwealth to testify as to the bad reputation of the appellant and he contends that the court below erred in permitting this witness to testify. This contention is ruled against him by *Com. v. Sullivan*, 91 Pa. Superior Ct. 544, in which we stated at page 549: "Jurors are not incompetent as witnesses in either criminal or civil issues. They have no interest that disqualifies them and there is no rule of public policy that excludes them. Knowledge of the facts of a case does not disqualify a juror: Howser v. Com., 51 Pa. 332; State v. McDonald, 73 N. C. 346." See also Wigmore on Evidence, 3rd ed., Vol. VI, sec. 1910.

Appellant's final contention is likewise without merit. He contends that the indictment should have been quashed for duplicity because in its one count it charged both incest and rape. "It must be conceded that in criminal pleading, as a general rule, two or more offenses, distinct and unconnected, should be charged in separate counts, and if they are charged in a single count, such count is bad for duplicity. It must also be conceded that when two or more offenses arise from a single act or transaction, or are closely related, they may be joined in one count." *Com. v. Hall*, 23 Pa. Superior Ct. 104, 107. In *Com. v. Lewis*, 140 Pa. 561, 21 A. 501, a motion was made to quash an indictment charging statutory rape and bastardy in one count. The

Supreme Court held there was no error in charging the two offenses in one count stating, inter alia, at page 564: "Here the offence was rape; it involved fornication, and bastardy resulted as an incident. There was but one act charged in the indictment, although it is called by different names, to meet the exigencies of the proofs on the part of the commonwealth." See also, *Com. v. Doran,* 145 Pa. Superior Ct. 173, 20 A. 2d 815. In this case it is clear that we have two offenses arising from a single act.

Judgment is affirmed; and it is ordered that appellant, if released on bail, appear in the court below at such time as he may be there called and that he be committed by that court until he shall have complied with his sentence or any part of it which had not been served at the time his appeal was made a supersedeas.