## Commonwealth *v.* Perry, Appellant.

Argued September 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Kenneth F. Lee*, with him *George W. Teets*, for appellant.

*Jay L. Benedict*, District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., November 15, 1962:

Chester Perry was indicted in the Court of Oyer and Terminer of Franklin County on a charge of statutory rape. The alleged victim was defendant's fifteen year old daughter, born out of wedlock. The case was tried before President Judge DEPUY and a jury. After a verdict of guilty, defendant's counsel filed a motion for a new trial. The motion was denied, and sentence was imposed. This appeal followed.

Darlene Kay Perry testified that appellant had intercourse with her on the evening of June 6, 1961, on the front seat of an automobile in which they were driving homeward from Chambersburg. At the time, the vehicle was parked at the side of a rural township road. The girl did not make any outcry, or effort to seek aid, although cars passed during the occurrence. Appellant admitted taking his daughter home from Chambersburg on the evening in question, but denied

having had intercourse with her. At the conclusion of his testimony, appellant offered to show that the alleged victim was not of good repute. The trial judge refused to permit the introduction of testimony to that effect. Since this was error of such serious import as to require the grant of a new trial, we deem it unnecessary to discuss the other questions raised on this appeal.

The pertinent section of The Penal Code, Act of June 24, 1939, P. L. 872, Section 721, 18 P. S. 4721, contains the following provision: "Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication". Appellant contends that he is entitled to assert (a) that he did not have carnal knowledge of the alleged victim, and (b) that her testimony warrants the inference that the carnal knowledge of which she complains was with her consent, wherefore he should be permitted to show that she was not of good repute. The trial judge took the position that alternative pleading should not be permitted in the criminal court. In his words: "Surely a defendant cannot blow hot and cold simultaneously. Can he have his cake and eat it too? His plea was 'not guilty'. But is his theory that he did not commit the proscribed act of intercourse at all; or that he committed it and argues justification or excuse? He must choose. His daughter's bad reputation for chastity, if proven, would be immaterial if he had no intercourse with her. Since the latter was his testimony, his daughter's reputation for chastity would be irrelevant. We so hold".

Our appellate cases have consistently held to the contrary. In *Commonwealth v. Stewart*, 110 Pa. Su-

perior Ct. 279, 168 A. 528, the defendant was charged with statutory rape. His only defense at the trial was a denial of the illicit relationship. Following a verdict of guilty, he asked for a new trial on the basis of after-discovered evidence that the prosecuting witness was not of good repute. The refusal of the court below to grant a new trial was affirmed on the ground that the evidence in question was discoverable before the trial. However, the following statement in the opinion of Judge JAMES is highly significant and rules the instant appeal: "In the opinion of the court below, he states that the after discovered evidence was incompetent because the defendant had denied the commission of the offense. With this we do not agree. Such testimony in a statutory rape charge is competent whether defendant denies or admits the illicit relations".

To the same effect is *Commonwealth v. Jordan,* 156 Pa. Superior Ct. 109, 39 A. 2d 527, which involved charges of statutory rape upon two sisters under sixteen years of age. The opinion of Judge, later President Judge, BALDRIDGE contains the following pertinent statement: "The defendant denied these charges of intercourse and attempted at the trial to introduce evidence of bad repute for morality and chastity of these girls. Objection to this evidence was erroneously sustained by the court and compels the granting of a new trial . . . While it is true that both the Walker girls denied that they consented to the intercourse, their failure to make an outcry or prompt complaint was an important matter for the jury's consideration and might have induced it to conclude that they did consent to the defendant's unlawful conduct. If they consented and were not of good repute, which the defendant attempted to prove, he should have been convicted of fornication only". See also *Commonwealth v. Howe,* 42 Pa. Superior Ct. 136.

Similarly, in *Commonwealth v. Bonomo,* 187 Pa. Superior Ct. 521, 144 A. 2d 752, affirmed 396 Pa. 222, 151 A. 2d 441, involving a charge of statutory rape alleged to have occurred in White Haven, Pennsylvania, the major defense was that of alibi. This was certainly a denial of the act of intercourse. The defendant also called a witness for the purpose of showing the bad reputation of the minor female for chastity and morality while she was living in Hamburg, Pennsylvania, her former place of residence. It was held that exclusion of this evidence was reversible error.

This is a revolting case. We are not without sympathy for the reluctance of the court below "to allow a father to blacken his daughter's character . . . at the same time he himself denies he had any intercourse with her". However, the law is plain that, even though the two defenses are inconsistent, appellant is permitted to assert them both.

Judgment reversed with a venire.