## Commonwealth v. Harple

*Wilson Bucher*, District Attorney, for Commonwealth.

*James P. Coho*, for defendant.

WISSLER, P. J., February 5, 1965.—On September 9, 1964, the Lancaster County Grand Jury returned a true bill against Samuel M. Harple, on indictment no. 91, September term, 1964, as follows:

"That Samuel M. Harple late of the said County on or about the Twentieth day of March in the year of our Lord one thousand nine hundred and Sixty-Two, at the County aforesaid, and within the jurisdiction of this Court, with force and arms, etc., then and there being a duly elected Justice of the Peace in the Borough of Elizabethtown, Pennsylvania, did unlawfully, wilfully, knowingly and corruptly approve the settlement of a charge lawfully and properly brought against one: Theodore R. Weaver, to wit: violation of the State Motor Vehicle Code by operating a motor vehicle while under the influence of intoxicating liquor, said Samuel M. Harple's act injuriously affecting the public and the public administration of justice and said Samuel M. Harple did further wilfully and corruptly neglect to perform the duties of his office as Justice of the Peace by failing to docket said case against said Theodore R. Weaver and by failing to return said case to

the Court of Quarter Sessions of the County of Lancaster, contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

On September 9, 1964, the Lancaster County Grand Jury returned a true bill against Samuel M. Harple, defendant, on indictment no. 92, September term, 1964, as follows:

"That Samuel M. Harple late of the said County, on or about the Fourteenth day of October, in the year of our Lord one thousand nine hundred and sixty-one, at the County aforesaid, and within the jurisdiction of this Court, with force and arms, etc., did wilfully, feloniously and unlawfully, while having in his possession the approximate sum of $500.00 in cash money of the United States of America, said money being the property of Theodore R. Weaver and/or the County of Lancaster, and given by said Theodore R. Weaver to the said Samuel M. Harple for the purpose of bail money posted on a charge of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor for the said Theodore R. Weaver, the said Samuel M. Harple did fraudulently convert and apply the said sum to his, the said Samuel M. Harple's own use and benefit, contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The offense charged in indictment no. 91 is misdemeanor and/or misbehavior in office of defendant as a duly elected justice of the peace of the Borough of Elizabethtown, Lancaster County, Pa.

The offense charged in indictment no. 92 is fraudulent conversion by defendant of cash bail in the amount of $500 the property of Theodore R. Weaver and/or the County of Lancaster.

Indictment no. 91 was based on complaint brought by the Lancaster County detective, Charles E. Simmons, on July 15, 1964, before Justice of the Peace Charles J. Martin which complaint alleges:

"That Samuel M. Harple of Elizabethtown, Penna., did on Tuesday, the 20th day of March, 1962 in the County of Lancaster, State of Penna., then and there being a duly elected Justice of the Peace in the Borough of Elizabethtown, County of Lancaster, State of Penna., unlawfully, wilfully, knowingly and corruptly approve the settlement of a charge lawfully and properly brought against one Theodore R. Weaver, 408 Groff Avenue, Elizabethtown, Lancaster County, Penna., to wit: violation of the State Motor Vehicle Code by operating a motor vehicle while under the influence of intoxicating liquor, said defendant's act injuriously affecting the public and public administration of justice, and said defendant did further wilfully and corruptly neglect to perform the duties of his office as Justice of the Peace by failing to docket said case against said Theodore R. Weaver and by failing to return said case to the Court of Quarter Sessions of the County of Lancaster, State of Penna., (Common Law) contrary to the Act of Assembly of the Commonwealth of Pennsylvania in such cases made and provided and further deponent saith not."

Indictment no. 92 was based on complaint likewise brought by detective Charles E. Simmons on July 15, 1964, before Justice of the Peace Charles J. Martin which complaint alleges:

"That Samuel M. Harple of Elizabethtown, Lancaster County, Penna., did on or about Saturday the 14th day of October, A.D. 1961 in the County of Lancaster, State of Penna., unlawfully, fraudulently and feloniously convert or apply to his own use the sum of $500.00 U. S. currency deposited with said defendant in his capacity as Justice of the Peace, Borough

of Elizabethtown, County of Lancaster, State of Penna., by one Theodore R. Weaver, 408 Groff Avenue, Elizabethtown, Lancaster County, Penna., said sum representing bail posted on a charge of operating a motor vehicle while under the influence of intoxicating liquor, said funds being the property of said Theodore R. Weaver and/or the County of Lancaster, State of Penna., (Section 834 of the Penal Code of 1939) contrary to the Act of Assembly of the Commonwealth of Pennsylvania in such cases made and provided and further deponent saith not."

Defendant filed a motion to quash indictment no. 91 on the ground that defendant stands indicted for misdemeanor and/or misbehavior in office as alleged common law offenses, and there are applicable statutes providing penalties for misdemeanor in public office by a justice of the peace and, therefore, no penalty shall be inflicted against anything done under the common law as provided under The Penal Code of June 24, 1939, P. L. 872, 18 PS §5104.

Indictment no. 91, September term, 1964, alleging misdemeanor and/or misbehavior in office charges two separate offenses in one count (a) that defendant unlawfully approved the settlement of a charge of operating a motor vehicle while under the influence of intoxicating liquor; and (b) that he wilfully neglected to perform the duties of his office by failing to docket the case against Theodore R. Weaver and by failing to return such case to the Court of Quarter Sessions of the County of Lancaster.

When two or more offenses arise from a single act or transaction, or are closely related, they may be joined in one count of an indictment: Commonwealth v. Sutton, 171 Pa. Superior Ct. 105; Commonwealth v. Cese, 176 Pa. Superior Ct. 650.

As to the charge of defendant settling a drunken driving case, there is no provision of the law by statute

either permitting or providing a penalty for a justice of the peace in so doing. The Act of March 31, 1860, P. L. 427, as amended, 19 PS §491, states precisely what cases may be settled before the minor judiciary. Driving while under the influence of intoxicating liquor which, under the law, is a misdemeanor is not one of them and the magistrate must either dismiss the case for lack of evidence or return the same to the Clerk of the Quarter Sessions for action by the Grand Jury.

As to the charge of failing to docket the case against Theodore R. Weaver and failing to return said case to the Clerk of the Quarter Sessions of Lancaster County, it is covered by the Act of June 11, 1885, P. L. 110, sec. 1, 42 PS §722, as follows: "From and after the passage of this act it shall be the duty of all aldermen, justices of the peace and committing magistrates, in this Commonwealth, upon complaint being made in criminal cases upon oath or affirmation of any person or persons, to enter such complaint upon their dockets, with the name, residence and occupation, if any, of all defendants, bail and witnesses, in every criminal case, and to return to the clerk of quarter sessions of the peace of the several counties respectively, a true transcript from the said docket, within five days after the binding over, or committal of any defendant or defendants, charged with any felony, and any wilful violation of the requirements of this section is hereby declared a misdemeanor in office, and, on conviction thereof, the party so offending shall be fined a sum not exceeding three hundred dollars, and costs of prosecution." As this act makes a violation of it a misdemeanor in office and provides a penalty therefor, The Penal Code of June 24, 1939, P. L. 872, sec. 1104, 18 PS §5104, would be applicable, since the act provides as follows: "In all cases where a remedy is provided or a duty enjoined, or anything directed to be done by

the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect."

Applying this provision the Supreme Court held that public officials cannot be convicted of the common law offenses of malfeasance, misfeasance, or nonfeasance, or misdemeanor in office where, as in the instant case, a statute provides a specific penalty: Commonwealth v. Peoples, 345 Pa. 576; Commonwealth v. Knox, 172 Pa. Superior Ct. 510. Defendant's motion as to this phase of the charge or count must, therefore, be sustained.

As to the offense of fraudulent conversion charged in indictment no. 92, September term, 1964, defendant filed a motion to quash on the ground that the offense occurred more than two years before the finding of the true bill, and that the County of Lancaster is not a "person" within the meaning of section 834 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4834. The Act of March 31, 1860, P. L. 427, sec. 77, amended April 6, 1939, P. L. 17, sec. 1, 19 PS §211, provides an exception to the usual statute of limitation of two years by providing further "that indictments for malfeasance, misfeasance, or nonfeasance in office . . . or for any misdemeanor in office . . . committed by any officer or employe of this Commonwealth . . . may be brought or exhibited at any time within two years from the time when such public officer . . . shall have ceased to occupy such office . . ., but in no event more than six years from the commission of the offense." Misbehavior in office is committed whenever a public officer fails to perform a positive statutory duty: Commonwealth v. Knox, 172 Pa. Superior Ct. 510, 523.

Defendant in the instant case did fail to perform a positive statutory duty when he failed to return bail money to court as required by the act of April 7, 1921, P. L. 118, sec. 2, 19 PS §74, which provides: "Upon the binding over of the defendant or defendants in any prosecution or proceeding as aforesaid, by the magistrates, justice of the peace, or alderman, to the court of oyer and terminer and court of quarter sessions of the peace, or other proper court of record, the said magistrate, justice of peace, or alderman shall make an immediate return of the prosecution or proceeding to the court of oyer and terminer and quarter sessions of the peace or other proper court of record, and pay the money deposited in lieu of bail and recognizance with surety or sureties to the clerk of said courts, taking a receipt therefor from the said clerk, and the money so received by and deposited with the clerk of the said court, together with the return of prosecutions and proceedings, shall then be treated and disposed of in the same manner and to the same effect as money deposited in lieu of bail and recognizances with surety or sureties in criminal prosecutions, desertion and nonsupport and surety of the peace proceedings pending in the said courts."

The contention of defendant is that the $500 was not public money and he cites Commonwealth v. Glass, 199 Pa. Superior Ct. 542. Assuming this to be true, since the indictment is in the alternative the phrase "or the County of Lancaster" can be considered as surplusage because the money has never been deposited or turned over to the Clerk's office. An indictment should be quashed only in a clear case: Commonwealth v. Viscount, 118 Pa. Superior Ct. 595.

And now, February 5, 1965, for the foregoing reasons the motion to quash indictment no. 91, September term, 1964, on the charge of misdemeanor and/or misbehavior in office is dismissed except as to the charge

therein as to failing to docket the case against Theodore R. Weaver, and failing to return said case to the Court of Quarter Sessions of Lancaster County as to which the motion to quash is sustained. The motion to quash indictment no. 92, September term, 1964, on the charge of fraudulent conversion is dismissed.