## BLUE *v.* PENINSULA ORCHARDS, INC.

1. Continuance—Prejudice—Appeal and Error.

   Denying a continuance in a wrongful death action to permit plaintiff's expert witness time to perform additional experiments on the deceased's tissue samples did not prejudice the plaintiff where the expert witness testified that he had completed all the tests necessary to make his diagnosis concerning the cause of death and the additional tests were in the nature of pure research; the appellate court need not, under such circumstances, determine whether the denial of the continuance was an abuse of discretion.

2. Trial—Court's Questioning Witness—Fair Trial.

   Questioning of witnesses did not deny plaintiff a fair trial where the record does not reveal any partiality by the court and the court cautioned the jury that they should bring in whatever verdict was warranted by the evidence and that the court had no right to indicate an opinion.

3. Witnesses — Expert Witnesses — Fruit Spraying — Qualification — Discretion.

   Allowing two witnesses to testify as experts on accepted methods of fruit spraying and the precautions observed in spraying was not an abuse of discretion where the witnesses had long experience in fruit spraying.

4. Witnesses—Excused Jurors—Competency.

   An excused juror who has relevant knowledge is a competent witness.

5. Witnesses—Excused Jurors—Competency.

   Allowing two men, who had been peremptorily excused from the jury, to testify as expert witnesses on fruit spraying was not

References for Points in Headnotes

[1] 17 Am Jur 2d, Continuance §§ 8, 29–33.
[2] 53 Am Jur, Trial § 75.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 168.
[4, 5] 58 Am Jur, Witnesses § 151.

error and did not result in prejudice where the witnesses were qualified to testify.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 March 2, 1971 at Grand Rapids. (Docket No. 8761.) Decided April 22, 1971. Leave to appeal denied, 385 Mich 772.

Complaint by Margery Blue, administratrix of the estate of Michael Lloyd, against Peninsula Orchards, Inc., for damages for wrongful death. Judgment on a verdict of no cause of action. Plaintiff appeals. Affirmed.

*Philip A. Clancey,* for plaintiff.

*Menmuir & Zimmerman,* for defendant.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

FITZGERALD, P. J. This appeal arises from a verdict and judgment of no cause of action by plaintiff against defendant on a wrongful death action arising from the death of Michael Lloyd. Plaintiff alleged that decedent's death resulted from his exposure to toxic spraying chemicals while employed by defendant and that such exposure was occasioned by defendant's failure to instruct the decedent in the use and dangers inherent in such chemicals.

Decedent was employed by defendant as a fruit sprayer and was exposed to several toxic pesticides and fungicides. Defendant argued that decedent's death was from "Goodpasture's Syndrome" and was unrelated to exposure to the chemicals, and that decedent was properly instructed as to the use and necessary precautions in handling the chemicals.

Plaintiff's first assignment of error is that plaintiff's case was prejudiced by the trial court's denial of a continuance so that plaintiff's expert witness could complete additional experiments upon tissue samples taken from the deceased's body. It is unnecessary to decide the question whether the denial of the continuance was an abuse of discretion on the part of the trial court, for the record clearly shows that no prejudice resulted from the denial. Plaintiff's expert witness testified that he had completed all the tests necessary to make a diagnosis and that the additional tests were in the nature of pure research.

Plaintiff's next assignment of error is that the trial court, by questions directed by the court to certain witnesses, indicated to the jury that the court had formed an opinion as to the outcome of the case, resulting in denial of a fair trial to plaintiff. A review of the trial record, and particularly those portions in which the court questioned witnesses, fails to convince this Court that the trial court did not remain impartial. We also note that the court cautioned the jury during its instructions that the court had no right to indicate an opinion and that the jury should bring in whatever verdict they found was warranted by the evidence.

The most complex assignment of error relates to the testimony of two jury members, peremptorily excused and then permitted to testify as expert witnesses.

The question is specifically stated thus:

"Was it prejudicial error for the court to allow two jury members, who had been seated and excused, to testify in behalf of defendant over objection, as expert witnesses, giving their opinions as to the proper method of pesticide spraying and their opinion as to the physiological consequences of using

certain sprays, and as to the standard of practice in the industry where no proper foundation has been laid."

It is obvious that the question actually presents a bifurcated problem:

1) Was it error to allow excused jurors to testify at all and,

2) If proper, were they qualified as experts?

The second question gives us little pause. The determination of qualifications of expert witnesses is a matter for the discretion of the trial court and appellate courts will not interfere unless there is a clear showing of abuse of discretion. *Accetola* v. *Hood* (1967), 7 Mich App 83. No abuse of discretion appears in allowing these witnesses, who had long experience in fruit spraying, to testify to accepted methods of spraying and the precautions observed in spraying. A more complex issue arises in allowing former jury members, Oakley Lardie and Dale Christopher, to testify at all.

On the surface, the practice does not appear exemplary, though no Michigan cases rule specifically on this point. To resolve the issue requires a study of the jury make-up for the term of court where the instant case was heard.

*Dehors* the record is a letter from the County Clerk for Grand Traverse County, obtained by request of this Court and approved by counsel, delineating the situation.

"We have checked the court docket for the September, 1969 term of court and more specifically the jurors who served during that term. There were three cases, the first case was heard September 15 and 16, 1969. That trial resulted in an out of court settlement the second day, and Mr. Oakley Lardie was one of the jurors seated. The jury did not deliberate.

"On December 2, 1969 a jury trial was held, which resulted in an out of court settlement on the first day. At that trial Dale Christopher was seated as a juror. The jury did not deliberate.

"The third and final case which this jury heard was the Blue case held December 15, 16, 17, and 18, 1969. This was the only case of the three in which the jury actually deliberated. It was also the last case heard by this jury panel. Mr. Lardie and Mr. Christopher were called to the jury box but both were excused by pre-emptory [sic] challenge.

"Very truly yours,
/s/ Anita Kucera
     Clerk of Circuit Court"

The two witnesses had been excused and had never sat together on a jury in this term of court. In effect, they were not jurors, but excused jurors, though they were certainly acquainted with the jury through their prior service.

6 Wigmore on Evidence, 3d ed, § 1910, pp 593–595, resolves the issue before this Court and approves the practice of calling an excused juror having any relevant knowledge as a witness.

The case of *Commonwealth* v. *Sutton* (1952), 171 Pa Super 105 (90 A2d 264), though a criminal case where jury safeguards have traditionally met or exceeded civil cases, states the general rule today:

"The jury in this case was selected on *voir dire* and a Mrs. Madeline Ewing was challenged by the Commonwealth. Mrs. Ewing was later called by the Commonwealth to testify as to the bad reputation of the appellant and he contends that the court below erred in permitting this witness to testify. This contention is ruled against him by *Commonwealth* v. *Sullivan*, 91 Pa Super 544, in which we stated at page 549: 'Jurors are not incompetent as witnesses in either criminal or civil issues. They

have no interest that disqualifies them and there is no rule of public policy that excludes them. Knowledge of the facts of a case does not disqualify a juror: *Howser* v. *Commonwealth,* 51 Pa 332; *State* v. *McDonald,* 73 NC 346.' "

We can only conclude from an extensive review of authority that no prejudice resulted from the events that transpired in the case on review. Though the practice of allowing jurors to testify adds a dimension to the trial of a lawsuit that at first blush appears incompatible with standard practice, we can find no prejudice resulting and, indeed, the practice is uniformly condoned.

Plaintiff's last assignment of error regards the trial court's instructions to the jury. Since counsel failed to object to the instructions as given, the question of instruction is not preserved for review by this Court. GCR 1963, 516.2. We would also note that while plaintiff urges that the trial court failed to give certain requested instructions, the record on appeal is devoid of any reference to any requested instructions. Since this Court cannot pass upon a silent record, we would caution counsel of the necessity of making sure that any requests to charge are made part of the trial court record.

Affirmed. Costs to appellees.

All concurred.